I concur with the majority opinion where it holds that a beneficiary of a life insurance policy can recover interest on the face amount of the policy from the time proof of death is accepted until the time the claim is paid.
I respectfully dissent from that portion of the majority opinion holding the circuit court has jurisdiction over a class action in which each of the individual claims of the members of the class is for a sum less than $500, but in the aggregate exceeds that amount. In Snyder v. Harris, 394 U.S. 332,89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the United States Supreme Court refused to allow aggregation of claims to meet the federal jurisdictional amount set by Congress. Justice Black, writing for the majority, held that to allow aggregation of claims would defeat the congressional purpose of setting a jurisdictional amount requirement. He also said that it would run counter to Rule 82, F.R.C.P. which provided that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts. . . ."
There is no valid distinction between this case and our own. Our Rule 82 (a), A.R.C.P. provides "These rules shall not be construed to extend or limit the jurisdiction of the courts of Alabama." The legislature, pursuant to § 6.04 of Amendment No. 328 to the Constitution of 1901, has seen fit to limit the general jurisdiction of the circuit courts in civil cases to those in which the matter in controversy exceeds $500. §12-11-30 (1), Code 1975. Clearly, to allow an aggregation of claims to meet this amount would extend the jurisdiction of the circuit court beyond that intended by the legislature.
I dissent from the majority opinion which allows aggregation and permits the circuit court to entertain the aggregated claims as *Page 260 
a class action. I would leave the individual claims to be pursued in the Small Claims Court. Therefore, I would affirm the judgment below regarding aggregation.